Filed 10/2/25  P. v. Martinez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B341111 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA041559) |
| v. | |
| MANUEL STEVEN MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Appeal dismissed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Manuel Steven Martinez appeals from an order denying his request for resentencing under Penal Code section 1172.1.[1]  Martinez's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  (See *People v. Rosemond* (2025) 108 Cal.App.5th 667, 673 [*Delgadillo* applies to the denial of a request for resentencing under section 1172.1].)[2]  Martinez filed a supplemental brief in which he alleges the trial court erred in failing to appoint counsel for him and that various irregularities occurred in connection with his original trial.

Because the order from which Martinez appeals is not appealable, we lack jurisdiction and therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

In 1999, a jury found Martinez guilty of first degree murder.  (§ 187, subd. (a).)  The jury also found true an allegation that, in the commission of the murder, Martinez personally used a knife, with said use not being an element of the murder offense, within the meaning of section 12022, subdivision (b)(1).  The court sentenced Martinez to prison for 26 years to life.

After a direct appeal, we vacated the judgment of conviction and remanded with directions for the trial court to consider Martinez's "complaints about his trial attorney's

---

[1] All subsequent statutory references are to the Penal Code.

[2] Counsel sent a copy of the brief and the transcripts on appeal to Martinez, and informed him that he has the right to file a supplemental brief.  We are satisfied that counsel has complied with her obligations under *Delgadillo*.

competence, to exercise its discretion on whether to appoint new counsel, and to consider a motion for new trial on that ground." (*People v. Martinez* (Aug. 10, 2000, B134589) [nonpub. opn.].) We further stated that "[i]f the trial court does not find adequate grounds to pursue a new trial motion, it shall reimpose judgment." (*Ibid.*)

The trial court thereafter held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. "After listening to the statements of [Martinez] and his trial counsel, the trial court ruled as follows: 'With respect to the inquiry I have been asked to make by the Court of Appeal, I find that disagreement, if any, between [Martinez] and his attorney was with reference to tactics or the handling of his defense, and did not rise in any fashion to a level of inadequacy or incompetency.' The court thereafter found that grounds for a new trial did not exist and ordered that its original sentence be 're-imposed in its entirety.' " (*People v. Martinez* (Nov. 27, 2001, B149195) [nonpub. opn.].) Martinez appealed, and we affirmed. (*Ibid.*)

On August 2, 2024, Martinez filed a petition for recall and resentencing under section 1172.1.[3] On September 17, 2024, the trial court declined to address the petition because under "section 1172.1, subdivision (c), a defendant is not entitled to file a petition seeking relief from the court under section 1172.1. If a defendant requests consideration for such relief, the court is not required to respond. Accordingly, the court will take no further action on [Martinez]'s petition."

---

[3] The petition also cited in passing the Racial Justice Act (§ 745) but included no allegations stating a prima facie violation of that section. Martinez's appellate brief makes no argument concerning the Racial Justice Act.

On September 30, 2024, Martinez filed a notice of appeal from the September 17 order.

## DISCUSSION

Under section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of certain state government officials. (*Ibid.*)

A defendant, however, "is not entitled to file a petition seeking relief from the court under [section 1172.1]" (§ 1172.1, subd. (c)), and a defendant who nevertheless files such an "unauthorized request for resentencing has no *right* to a ruling" (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996).

Although a court that receives an unauthorized request for resentencing under section 1172.1 may exercise its discretion under the statute to recall the defendant's sentence on its own motion, if it declines to exercise such discretion, the order is not appealable and we lack the authority to rule on the merits of the appeal. (*People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy* (2025) 110 Cal.App.5th 991; *People v. Faustinos* (2025) 109 Cal.App.5th 687; *People v. Wilson* (2025) 109 Cal.App.5th 198; *People v. Hodge*, *supra*, 107 Cal.App.5th at p. 999.) We therefore dismiss the appeal.

4

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.